**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Hunter Storm, an individual, ) | No. CV-07-0706-PHX-LOA |
| Plaintiff, ) | **ORDER** |
| vs. ) | |
| Capital One Bank, a foreign corporation, ) | |
| Defendant. ) | |

This matter arises on Plaintiff's Renewed (Second) Motion for Extension of Service of Process Deadline and Request Case Not Be Dismissed, filed on August 24, 2007. (docket # 17)  Plaintiff contends that good cause exists to extend the time to serve the Amended Complaint. Defendant has not yet appeared in this action. The Court agrees that good cause exists and it will grant the subject motion.

Plaintiff filed this lawsuit on April 5, 2007 against Capital One, alleging, among others, violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq*., in connection with Defendant's inaccurate information provided to credit agencies. (docket # 1)  After filing an Amended Complaint against Defendant Capital One Bank and before Rule 4(m)'s 120 day deadline for service of process, Plaintiff filed her Motion for Extension of Time of Service, representing she "served Capital One Bank through their service company located here in Arizona, Capital One Service, Inc." (docket # 11 at 1) The Court denied Plaintiff's Motion without prejudice on August 9, 2007 for "failing to properly follow the Court's Administrative Policies and Procedures Manual with respect to submission of proposed

orders." (docket # 13)  On August 24, 2007, Plaintiff filed the subject Motion and seeks an extension to serve the Amended Complaint for a period of sixty (60) days "to assure that Capital One Bank has been served by mail or other process."

Plaintiff's Motion demonstrates that the service of process thought to be completed upon Defendant by service upon "the statutory agent for Capital One Auto Finance, Inc.[,] Capital One Service Inc.[,] and Capital One Services II, LLC" was returned by the statutory agent who "refused to accept it on behalf of Capital One Bank." (docket # 17 at 3)  It also shows the due diligence Plaintiff's counsel has exercised, and the difficulties Plaintiff's counsel has experienced, in trying to identify and serve the correct defendant. Plaintiff also contends that Defendant has notice of this lawsuit such that Defendant would not be prejudiced by a reasonable extension and that a dismissal, even without prejudice, would "severely injure Plaintiff's case and result in a violation of the statute of limitations." (*Id.* at 6)

Rule 4(m), Fed.R.Civ.P.,[1] requires a district court to grant an extension of time when a plaintiff shows "good cause" for the delay and also allows the district court in the exercise of its discretion to grant an extension of time for service even in the absence of good cause. *Efaw v. Williams*, 473 F.3d 1038, 1040 (9th Cir. 2007); *Mann v. Am. Airlines*, 324 F.3d 1088, 1090 n. 2 (9th Cir. 2003). "District courts have broad discretion to extend time for service under Rule 4(m)." *Efaw*, 473 F.3d at 1041 (citing *Henderson v. United States*, 517 U.S. 654, 661 (1996) (Rule 4's 120-day time period for service "operates not as an outer limit subject to reduction, but as an irreducible allowance.")) "In making extension decisions

---

[1]  (m) Time Limit for Service. If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period. This subdivision does not apply to service in a foreign country pursuant to subdivision (f) or (j)(1).

1  under Rule 4(m)[,] a district court may consider factors 'like a statute of limitations bar,
2  prejudice to the defendant, actual notice of a lawsuit, and eventual service.'" *Id*.
3       Good cause appearing,
4       **IT IS ORDERED** that Plaintiff's Renewed (Second) Motion for Extension of
5  Service of Process Deadline and Request Case Not Be Dismissed, (docket # 17), is
6  **GRANTED**, *nunc pro tunc*, from August 2, 2007. Plaintiff shall serve Defendant on or
7  before **Monday, November 26, 2007** or this case may be dismissed without prejudice for
8  lack of prosecution pursuant to Rule 41(b), FED.R.CIV.P.
9       Dated this 27th day of August, 2007.

Lawrence O. Anderson
United States Magistrate Judge